**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joe Cuen,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Warren Granville, et al.,<br><br>　　　　Defendants. | No. CV 12-1926-PHX-RCB (SPL)<br><br>**O R D E R** |

Plaintiff Joe Cuen, who is confined in the Maricopa County Fourth Avenue Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will dismiss the Complaint with leave to amend.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula. Plaintiff's "Motion for Advised Redress or Remedy to Claim Application on Trust Account," in which he claims that the jail is not responding to his requests for trust account information is denied as moot. (Doc. 12.)

///

**JDDL-K**

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts,

a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). The Court will dismiss Plaintiff's Complaint for failure to state a claim, but because the Complaint may possibly be saved by amendment, will dismiss the Complaint with leave to amend.

**III. Complaint**

Plaintiff names the following Defendants: (1) Superior Court Judge Warren Granville; (2) Maricopa County Public Defender Nathaniel Carr, III; (3) Maricopa County Public Defender Robert Precht; (4) Maricopa County Public Defender Michael Scanlan; (5) the Arizona Department of Public Safety; (6) the Phoenix Police Department; (7) the Phoenix Adult Probation Department; (8) the Maricopa County Sheriff's Office; and (9) the Arizona Department of Corrections (ADC). Plaintiff seeks damages.

The Complaint contains three Counts arising from criminal convictions that Plaintiff asserts were vacated but not before Plaintiff's DNA was collected. (Doc. 1.)

In Count I, Plaintiff alleges that Judge Granville of the Superior Court in Maricopa County will not and did not expunge Plaintiff's DNA in accordance with 42 U.S.C. §14132(2). Plaintiff was apparently convicted of a crime and incarcerated by the ADC, where his DNA was collected in 2005. Plaintiff alleges that his DNA was collected while Plaintiff's post-conviction proceeding under Rule 32 of the Arizona Rules of Criminal Procedure was in discretionary review, rendering his conviction not final within the meaning of 42 U.S.C. §14132(2)(B). Plaintiff asserts that his convictions in cases CR2004133867 and CR2005011654 were "vacated via: 'concession of error' by the state." (Id. at 3.)

In Count II, Plaintiff asserts that Public Defenders Carr, Precht, and Scanlan caused Plaintiff to be illegally convicted after he explained to them that he had no obligation to

register[1] because the law in 1995 had changed, relieving Plaintiff of a further obligation to register. (Id. at 4.) The Phoenix Police Department was made aware of this when Plaintiff was arrested. Judge Granville was also advised that the law had changed. According to Plaintiff, this caused Plaintiff to be subject to trial for the same offense twice and this is presently occurring because the DNA collected from these illegal convictions is now being used in CR2011008083, compelling Plaintiff to be a witness against himself. Plaintiff asserts that he was tazed by MCSO in 2005. Plaintiff further asserts that he was married in 2004 but his wife was deported and he cannot locate her due to lack of due process of law from 2004 through 2012 and ongoing.

In Count III, Plaintiff alleges that he was monitored by the Department of Public Safety, the Phoenix Police, and private subcontracted monitoring agencies from 1992 through 2004 because the Department of Public Safety possessed erroneous criminal history that Plaintiff challenged and corrected in 2005 in CR2004133867. The erroneous criminal history caused Plaintiff to be illegally arrested in CR2004133867 and CR2005011654. (Id. at 5.) Plaintiff asserts that he was reported by these agencies to his neighbors, churches, and the school he attended that cost $16,000. He has an unpaid student loan and his privacy was compromised; the convictions and DNA should have been expunged. He claims that he lost his subcontracting business, his education loan, privacy, freedom, and reputation.

## IV. Failure to State a Claim

### A. Individual Defendants

Judges are absolutely immune from § 1983 suits for damages for their judicial acts except when they are taken "in the clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-357 (1978); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986). An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his or her judicial capacity. Stump, 435 U.S. at 362; Crooks v. Maynard, 913 F.2d 699, 700 (9thCir. 1990). The Court must construe these factors "generously in

---

[1]Presumably, Plaintiff means that he was no longer required to register as a sex offender, although the Complaint does not say.

JDDL-K

- 4 -

1  favor of the judge and in light of the policies underlying judicial immunity." Ashelman, 793
2  F.2d at 1076.

3      This immunity attaches even if the judge is accused of acting maliciously and
4  corruptly, Pierson v. Ray, 386 U.S. 547, 553-54 (1967), or of making grave errors of law or
5  procedure. Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988). See also Ammons
6  v. Baldwin, 705 F.2d 1445, 1446-48 (5th Cir. 1983)(judge entitled to immunity from a claim
7  that he verbally abused and humiliated plaintiff); Tanner v. Heise, 879 F.2d 572, 577-78 (9th
8  Cir. 1989). A judge will not be deprived of immunity because the action he took was in error,
9  was done maliciously, or was in excess of his authority; rather he will be subject to liability
10 only when he has acted in the clear absence of all jurisdiction. Stump, 435 U.S. at 356-57.
11 A conspiracy between a judge and a prosecutor to predetermine the outcome of a judicial
12 proceeding, while clearly improper, nevertheless does not divest the judge or the prosecutor
13 of immunity. As long as the judge's ultimate acts are judicial actions taken within the court's
14 subject matter jurisdiction, immunity applies. Ashelman, 793 F.2d at 1078.

15     The conduct alleged against Judge Granville in Counts I and II constituted judicial
16 actions; therefore, judicial immunity applies. Plaintiff states no claims against Judge
17 Granville.

18     As to Defendants Carr, Precht, and Scanlan, a prerequisite for any relief under 42
19 U.S.C. § 1983 is a showing that the defendant has acted under the color of state law. Even
20 if an attorney representing a criminal defendant is a public defender or court-appointed
21 counsel, he or she does not act under color of state law. See Polk County v. Dodson, 454
22 U.S. 312, 317-18 (1981). Therefore, Plaintiff's civil rights claims against Defendants Carr,
23 Precht, and Scanlan would fail unless Plaintiff can set out facts showing a conspiracy
24 between his counsel and state officials to deny him the right to adequate representation under
25 the Sixth Amendment.

26     Carr, Precht, and Scanlan are not state actors; therefore, Plaintiff states no §1983
27 claims against them.
28 ///

JDDL-K     - 5 -

1    **B.     State Defendants**

2    Under the Eleventh Amendment to the Constitution of the United States, a state or
3    state agency may not be sued in federal court without its consent. Pennhurst State Sch. &
4    Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.
5    1989). "Furthermore, a state is not a 'person' within the meaning of § 1983." Hale v. State
6    of Arizona, 993 F.2d 1387, 1398 (9th Cir. 1993) (*en banc*). "This limitation on § 1983 also
7    extends to 'arms of the State.'" Id. (citation omitted).   "[T]he Arizona Department of
8    Corrections is an arm of the state." Id. at 1399; see also Gilbreath v. Cutter Biological, Inc.,
9    931 F.2d 1320, 1327 (9th Cir. 1991).  Likewise, the Court believes that the Arizona
10   Department of Public Safety is an arm of the state, see Borquez v. Arizona Dep't. of Pub.
11   Safety, 2000 WL553652, at *1 n.3 (9th Cir. 2000), as is the Arizona Department of Adult
12   Probation, see State v. Pima County Adult Prob. Dep't., 708 P.2d 1337, 1339 (Ariz. App.
13   1985) (the probation departments of the various counties are agencies of the judicial
14   department of the state, citing Ariz. Rev. Stat. §§ 12-251 et seq.).

15   Accordingly, the Arizona Department of Corrections, the Arizona Department of
16   Public Safety, and the Arizona Department of Adult Probation are not proper Defendants,
17   and the Complaint does not state claims against them.

18   **C.     Maricopa County Sheriff's Department**

19   The Maricopa County Sheriff's Office is not a proper Defendant.  In Arizona, the
20   responsibility of operating jails and caring for prisoners is placed by law upon the sheriff.
21   See Ariz. Rev. Stat. § 11-441(A)(5); Ariz. Rev. Stat. § 31-101.  A sheriff's office is simply
22   an administrative creation of the county sheriff to allow him to carry out his statutory duties,
23   and not a "person" amenable to suit pursuant to § 1983.  Therefore, the Complaint does not
24   state a claim against the Maricopa County Sheriff's Office.

25   **D.     Municipal Defendant**

26   The Phoenix Police Department is a governmental entity of the City of Phoenix.
27   Claims under § 1983 may be directed at "bodies politic and corporate." Monell v. New York
28   City Dep't. of Soc. Servs., 436 U.S. 686, 688-89 (1978).  A municipality may only be held

liable under § 1983 where its policy or custom caused the constitutional injury. See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 166 (1993); Monell, 436 U.S. at 694; Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989) (citations omitted). Official county policy may only be set by an official with "final policymaking authority." Id. (citing Pembaur v. City of Cincinnati, 475 U.S. 469, 481-83 (1986) (plurality opinion)).

Plaintiff does not allege that any Defendant acted in conformance with a policy or custom of the Phoenix Police Department in violating Plaintiff's constitutional rights. Accordingly, the Complaint states no claim against the Phoenix Police Department.

**E.     Claims**

**1.     Expungement of DNA**

Pursuant to 42 U.S.C. § 14135a, the Attorney General can "collect DNA samples from individuals who are arrested, facing charges, or convicted or from non-United States persons who are detained under the authority of the United States." The results are included in the Combined DNA Index System (CODIS), a national database that catalogues DNA profiles from numerous sources, including federal and state convicts, persons who have been charged in an indictment or information with a crime, DNA samples recovered from crime scenes, and from relatives of missing persons. United States. v. Pool, 645 F. Supp.2d 903, 906-07 (E.D. Cal. 2009) (citing 42 U.S.C. § 14132(a)). The statute also provides for expungement of records by the Director of the FBI and by the states. 42 U.S.C. § 14132(d) (1), (2). Pursuant to 42 U.S.C. § 14132(d) (2):

> (A) As a condition of access to the index described in subsection (a) of this section, a State shall promptly expunge from that index the DNA analysis of a person included in the index by that State if--
> (i) the responsible agency or official of that State receives, for each conviction of the person of an offense on the basis of which that analysis was or could have been included in the index, a certified copy of a final court order establishing that such conviction has been overturned; or
> (ii) the person has not been convicted of an offense on the basis of which that analysis was or could have been included in the index, and the responsible agency or official of that State receives, for each charge against the person on the basis of which the analysis was or could have been included in the index, a certified copy of a final court order establishing that such charge has been dismissed or has resulted in an acquittal or that no charge was filed within the applicable time period.

>  (B) For purposes of subparagraph (A), a court order is not "final" if time remains for an appeal or application for discretionary review with respect to the order.

In addition, Arizona provides for collection of DNA of convicted persons. Ariz. Rev. Stat. § 13-610. Because screening a Complaint pursuant to 28 U.S.C. § 1915A(a) uses the same standard as Rule 12(b)(6), Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), the Court may consider matters of public record of which the court may take judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-689 (9th Cir. 2001), impliedly overruled on other grounds as discussed in Gallardo v. Dicarlo, 203 F.Supp.2d 1160, 1162 n.2 (C.D. Cal. 2002); Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410 (3d Cir. 1999) ("To resolve a 12(b)(6) motion, a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint.").

The Court notes that Plaintiff recently moved for expungement of records in State v. Cuen, CR2005-011654, CR 2004-133867, CR2011-008083, citing Ariz. Rev. Stat. § 13-610. The Superior Court in Maricopa County denied the motion, citing to the following language:

> J. If the conviction or adjudication of a person who is subject to this section or § 8-238 is overturned on appeal or postconviction relief and a final mandate has been issued, on petition of the person to the superior court in the county in which the conviction occurred, the court shall order that the person's deoxyribonucleic acid profile resulting from that conviction or adjudication be expunged from the Arizona deoxyribonucleic acid identification system established by § 41-2418 *unless the person has been convicted or adjudicated delinquent of another offense that would require the person to submit to deoxyribonucleic acid testing pursuant to this section.*

State v. Cuen, CR2005-011654, CR 2004-133867, CR2011-008083, Doc. Code 019, (emphasis in original). The Court stated that "[a]part from the vacated convictions, Defendant was previously convicted of felony offenses in CR151075. The existence of these prior convictions precludes the court from expunging the DNA profile from the State database." Id. at 2. According to Superior Court in Maricopa County records, State v. Cuen, CR0000-151075, resulted in a conviction for theft and two counts of sexual assault.[2]

It appears from the criminal record and the language of the Arizona statute that

---

[2] http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR0000-151075 (last visited Dec. 17, 2012).

1  Plaintiff is not entitled to expungement of his DNA information.

### 2. False Arrest and Malicious Prosecution

Plaintiff's factual assertions regarding the arrest and prosecution for failure to register as a sex offender and subsequent dismissal of charges, could state claims for false arrest and malicious prosecution. To state a claim for false arrest, a plaintiff must plead facts to show that a defendant procured an arrest that was without probable cause. Lacey v. Maricopa County, 693 F. 3d 896, 918 (9th Cir. August 29, 2012). Regarding probable cause, the court asks whether a prudent person would believe that the plaintiff had committed a crime. Id. Plaintiff must also name as a defendant the person who allegedly procured the arrest without probable cause.

As to malicious prosecution, "[m]alicious prosecution, by itself, does not constitute a due process violation; to prevail [a plaintiff] must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995); Awabdy v. City of Adelanto 368 F.3d 1062, 1066 (9th Cir. 2004). A plaintiff asserting a malicious prosecution action must also allege that the prior criminal proceedings terminated in his favor. Id. at 1068; Guerrero v. Gates, 442 F.3d 697, 704 (9th Cir. 2006).

### F. Statute of Limitations

Section 1983 does not include its own statute of limitations. TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999). Therefore, federal courts apply the statute of limitations governing personal injury claims in the forum state. Wilson v. Garcia, 471 U.S. 261, 280 (1985); TwoRivers, 174 F.3d at 991. In Arizona, the limitations period for personal injury claims is two years. Id.; see also Ariz. Rev. Stat. § 12-542 (providing that actions for personal injury must be commenced within two years after the cause of action accrues).

Although the statute of limitations applicable to § 1983 claims is borrowed from state law, federal law continues to govern when a § 1983 claim accrues. Wallace v. Kato, 549 U.S. 384, 388 (2007); TwoRivers, 174 F.3d at 991. Under federal law, a claim accrues "when

1  the plaintiff knows or has reason to know of the injury which is the basis of the action." Id.;
2  Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir. 1996).

3  It appears to the Court that many of Plaintiffs claims would be barred by the statute
4  of limitations.  For example, Plaintiff's claims of being monitored and reported to his
5  neighbors from 1992 to 2004 would likely be time barred as would a claim of excessive force
6  in 2005 by the Phoenix Police. In addition, the Superior Court in Maricopa County records
7  indicate that the charges in CR 2004-133867 were dismissed in July 2007.[3] The records in
8  CR2005-011654 show that the concession of error was entered some time between
9  November 26, 2007 and December 21, 2007.[4]  Thus, it appears to the Court that claims for
10 false arrest and criminal prosecution would also be time barred.

11 If Plaintiff files an amended complaint, he must allege why his claims would not be
12 time barred.

13 **V.    Leave to Amend**

14 For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state
15 a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first
16 amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail
17 Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails
18 to use the court-approved form, the Court may strike the amended complaint and dismiss this
19 action without further notice to Plaintiff.

20 Plaintiff must clearly designate on the face of the document that it is the "First
21 Amended Complaint."  The first amended complaint must be retyped or rewritten in its
22 entirety on the court-approved form and may not incorporate any part of the original
23 Complaint by reference.  Plaintiff may include only one claim per count.

---

[3]http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR2004-133867 (last visited Dec. 17, 2012).

[4]http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR2005-011654 (last visited Dec. 17, 2012).

A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**VI. Warnings**

**A. Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B. Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C. Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D. Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a

court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E.  Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)  Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 10) is **granted**.

(2)  As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)  The Complaint (Doc. 1) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)  If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(5)  The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

(6)  Plaintiff's "Motion for Advised Redress or Remedy to Claim Application on Trust Account" (Doc. 12) is **denied as moot**.

DATED this 20th day of December, 2012.

_____
Robert C. Broomfield
Senior United States District Judge

JDDL-K

- 12 -